UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re:<br><br>Anwar M. Ibrahim,<br><br>Debtor<br>Anwar M. Ibrahim,<br>Plaintiff,<br>v.<br>Goshen Mortgage REO, LLC,<br>Defendant | Chapter 13<br>Case No.   16-13549-JNF<br><br><br><br>ADVERSARY PROCEEDING<br>No. _____ |
|---|---|

### VERIFIED COMPLAINT

NOW COMES Anwar M. Ibrahim, debtor/plaintiff, by his attorney, and complains of the defendant as follows:

#### The Parties, Jurisdiction and Venue

1. Plaintiff Anwar M. Ibrahim is the debtor in the above captioned chapter 13 case. The petition was filed on September 14, 2016.
2. He is an individual, and resides at 263 Pearl Street, Medford, Massachusetts ("the property"). Accordingly, venue of the bankruptcy case and of this proceeding is appropriate in this court pursuant to 28 USC §§1408 and 1409.
3. The federal District Court for the District of Massachusetts has jurisdiction of this matter pursuant to 28 USC §1334. The District Court has referred bankruptcy cases, and proceedings under, arising in or related to them, to the bankruptcy judges of this district pursuant to 28 USC §157(a).
4. This is a core proceeding within the meaning of 28 USC §157(b)(2)(A) and (O), as it relates to the administration of the bankruptcy estate, determination validity, priority and/or extent of an interest in property of the estate, and the adjustment of the creditor/ debtor relationship. This court has jurisdiction and authority to enter a final judgment, to which Anwar consents insofar as is constitutionally permissible.
5. Upon information and belief, defendant Goshen Mortgage REO, LLC, is a Delaware Limited Liability Company, with a principal office at 411 West Putnam Avenue, Ste. 125; Greenwich, CT 06830. The website for the Secretary of the Commonwealth of Massachusetts does not list any managers, but states that John C. Sites Jr. is an authorized signatory for the LLC relating to interests in real property. At all times relevant, Goshen was represented by attorney Edward Gainor.
6. Goshen has participated actively in the underlying bankruptcy case, as detailed below, and thereby submitted itself to the personal jurisdiction of this court.

A1

## FACTUAL ALLEGATIONS

1. On February 28, 2008, Anwar[1] (the debtor) and 2004-0000446, LLC, acquired the property known as 263 Pearl Street, Malden, MA, as tenants in common. The property is a two-family dwelling.

2. Unknown to Anwar at the time, the prior owner from whom he purchased the property, Tilaye Zewude, had executed documents to convert the property to condominium usage, and recorded them at the Registry of Deeds. Anwar believes that Zewude was represented by attorney Daniel Braese, although attorney Braese was not present at the closing.

3. On the same date, Ibrahim gave a mortgage to the co-owner, 2004-0000446, LLC. The document refers to an "Original Acquisition Balance" of $387,000 and a document called a "Co-Ownership Agreement and the Obligation to Pay", but does not appear to refer to a Promissory Note as such.

4. The "Agreement" may constitute a Promissory Note, but that must be determined after discovery, if necessary. Upon information and belief, based on its website, Guidance Residential is an "Islamic Home Finance" company. According to its website, Islamic religious law, known as "Sharia", essentially prohibits the collection of interest on loans. Thus Guidance allegedly was created to circumvent Islamic religious law and enable its adherents to participate in the "American Dream" of homeownership. Apparently this arrangement has received the approval of independent religious authorities.

5. The mortgage appears to refer to the entire property, not merely to one of the two units in the property, which is a two-family dwelling.

6. On the same date, the mortgage was assigned by 2004-0000446, LLC, as co-owner, to Guidance Residential, LLC, with an address in Reston, VA. As noted above, there does not appear to be any reference to a Promissory Note as such.

7. On October 7, 2008 – well before the events described in the following paragraphs – Guidance Residential, LLC, recorded a Partial Release of Mortgage. The document releases, remits and forever quitclaims all interest in Unit No. 1 of the 263 Pearl Street Condominium.

8. According to the records of the Secretary of the Commonwealth (accessed via internet on March 9, 2017), 2004-0000446, LLC, is a Delaware Limited Liability Company, for which Guidance Holding Corporation is the manager. The officers of the LLC and Guidance appear to be identical.

9. On September 15, 2010, a Certificate of Entry was recorded indicating that an agent of Orlans Moran PLLC, as duly authorized Attorney-in-Fact for Guidance Residential, LLC, made entry onto the premises for the purposes of foreclosure.

10. A foreclosure deed recorded the same day, along with related documents, indicates that Guidance Residential, LLC, sold the property to Federal Home Loan Mortgage Corporation for $305,999. The foreclosure deed does not specify which unit, if not both, was affected by the foreclosure or conveyed thereby.

---

[1] In the debtor's native culture, the family name comes first, and this complaint will respect that tradition.

2

11. On the same day, an Assignment of Bid was recorded, indicating that Guidance Residential, LLC, c/o Dovenmuehle Mortgage, Inc., was the highest bidder at the sale, and said bid was unconditionally sold to Federal Home Loan Mortgage Corporation.

12. On or about October 17, 2016 – well after the foregoing events – Planet Home Lending sent a Mortgage Loan Statement to Ibrahim indicating, inter alia, that the loan was due for the April 1, 2008, payment.

13. Prior to the commencement of this bankruptcy case, Anwar and Goshen were embroiled in substantial litigation over whether Goshen, or its predecessor in interest, had lawfully foreclosed and therefore had the right to evict him from the property.

14. The issue stems, in substantial part, from a disputed conversion of the property (a two family home) into condominiums. The records at the Registry of Deeds are convoluted and confusing, as the following chart shows:

| Date | Book/Page | Document | Description |
|---|---|---|---|
| 11/7/06 | 48452/517 | DEED | Siddiqi et al to Zewude |
| 11/7/06 | 48452/519 | MORTGAGE | Zewude to MERS/Credit Suisse |
| 11/7/06 | 48452/534 | MORTGAGE | Zewude to MERS/Credit Suisse |
| 2/28/08 | 50789/566 | CERTIFICATE OF MUNICIPAL LIEN | Zewude |
| 2/28/08 | 50789/567 | DEED | Zewude to Anwar & 2004-0000446 LLC |
| 2/28/08 | 50789/569 | MORTGAGE | Ibrahim to 2004-0000446 LLC |
| 2/28/08 | 50789/589 | ASSIGNMENT | Assignment of 50789/569; 2004-0000446 LLC to Guidance |
| 10/7/08 | 51767/255 | DEED | 2004-0000446 LLC to Anwar individually; no reference to either unit |
| 10/7/08 | 51767/309 | MASTER DEED | 263 Pearl Street Condominium |
| 10/7/08 | 51767/467 | SUBORDINATION | of 50789/569 to Condo Master Deed; no reference to either Unit |
| 10/7/08 | 51767/467 | SUBORDINATION | appears twice; reason unknown |
| 10/7/08 | 51767/469 | PARTIAL RELEASE | of 50789/569; re Unit 1 |
| 10/7/08 | 51767/469 | PARTIAL RELEASE | appears twice; reason unknown |
| 10/7/08 | 51767/471 | DEED | Anwar to Muna Ibrahim; Unit 1 |
| 10/7/08 | 51767/474 | MORTGAGE | Muna Ibrahim to MERS/1st Nat'l Bank of Arizona; date is February 16, 2007 (before deed to Anwar) |
| 11/3/09 | 53778/598 | ORDER OF NOTICE | Servicemember's Notice re 51767/474; Muna Ibrahim; says JPMorgan Chase is mortgagee |

3

A1

| Date | Book/Page | Type | Notes |
|---|---|---|---|
| 3/23/10 | 54434/337 | JUDGEMENT | Servicemembers |
| 3/23/10 | 54434/342 | FORECLOSURE DEED | See next entry |
| 3/23/10 | 54434/342 | AFFIDAVIT | Foreclosure deed and other documents, including Assignment of Bid to FNMA; Muna Ibrahim; references unit 1, 451767/474 |
| 5/14/10 | 54681/352 | ORDER OF NOTICE | Servicemember's Notice re 50789/569; Anwar; says Guidance Residential, LLC, is mortgagee |
| 6/17/10 | 54841/371 | DECLARATION OF HOMESTEAD | Anwar |
| 9/15/10 | 55383/60 | JUDGEMENT | Servicemembers re Anwar; says Guidance is mortgagee |
| 9/15/10 | 55383/62 | FORECLOSURE DEED | by Guidance to FHLMC |
| 9/15/10 | 55383/66 | ASSIGNMENT | of Bid, Guidance to FHLMC |
| 3/17/11 | 56612/210 | TAKING | City of Malden; unit 2 |
| 12/15/11 | 58086/539 | REDEMPTION | from tax taking; uncertain who paid |
| 1/23/12 | 58331/60 | DEED | references unit 11; FNMA to JPMorgan Chase as successor to FDIC as receiver of WAMU |
| 1/27/12 | 58372/389 | DEED | FHLMC to Guidance; description references unit 2 |
| 8/21/12 | 59803/565 | TAKING | City of Malden; unit 2 |
| 5/19/14 | 63627/103 | CONFIRMATORY DEED | Corrects unit # on 58331/60 |
| 3/13/15 | 65044/331 | REDEMPTION | from tax taking; uncertain who paid |
| 8/13/15 | 65907/495 | DEED | Unit 2 from Guidance to Goshen |
| 8/13/15 | 65908/61 | RELEASE | of attachment of Goshen Mortgage; signed by atty. Gainor |
| 9/1/15 | 66009/277 | CERTIFICATE OF MUNICIPAL LIEN | City of Malden; appears to reference unit 1; JPMorgan Chase |
| 9/17/15 | 66090/572 | LIEN | City of Malden; various properties |
| 9/17/15 | 66090/572 | LIEN | City of Malden; various properties |
| 10/20/15 | 66248/420 | CERTIFICATE OF MUNICIPAL LIEN | City of Malden; appears to reference unit 1; JPMorgan Chase |
| 10/20/15 | 66248/422 | DEED | JPMorgan Chase re unit 1 to Goshen Mortgage |

4

A¹

15. In this bankruptcy case, Goshen has repeatedly claimed that it, or its predecessor in interest, lawfully foreclosed the mortgage, but it is not clear which mortgage since because of the condominium conversion, record title would most likely have stood in different names and different mortgagees.
16. By contrast, Anwar has claimed that his signatures on the condominium conversion documents was forged. He believes it was done by attorney Daniel Braese, who has since been convicted of bank fraud.

### Count 1- Declaration

17. The foregoing paragraphs are incorporated at this point as if fully set forth.
18. As the foregoing shows, there exists an actual controversy as to, without limitation, who owns the property; whether it is, in fact, a condominium; whether the mortgages were valid; and whether the foreclosure was valid.
19. Anwar requests entry of a declaration as to the foregoing, and determine the validity, priority and/or extent of the interests in the property, and find that Anwar's interest is property of the bankruptcy estate.

### Count 2- Slander of Title

20. The foregoing paragraphs are incorporated at this point as if fully set forth.
21. The allegations made by Goshen, both in the pre-petition litigation and in the bankruptcy case constituted disparagement of Anwar's title to the home.
22. Such disparagement caused damage to Anwar in the form of attorney fees and related expenses, and emotional distress resulting in, among other things, him becoming ill and suffering sleeplessness due to worry about whether he and his family would have a place to live.

### Count 3 – Infliction of Emotional Distress

23. The foregoing paragraphs are incorporated at this point as if fully set forth.
24. The allegations made by Goshen, both in the pre-petition litigation and during the bankruptcy case caused damage to Anwar in the form of severe emotional distress resulting in, among other things, him becoming ill and suffering sleeplessness due to worry about whether he and his family would have a place to live.
25. The foregoing includes, but is not limited to, Goshen (or its agent) filing of frivolous criminal complaints against Anwar and sending representatives to the property to harass him.
26. Goshen knew, or should have known, that its intentional conduct would cause Anwar emotional distress.
27. Its conduct was extreme and outrageous in that Goshen knew, or should have known, that its criminal complaint was contrary to Massachusetts law.

A'

28. Even if Goshen had a good faith belief in the propriety of its actions, those actions were negligent and a reasonable person would have suffered emotional distress under such circumstances.

WHEREFORE Anwar requests judgment against Goshen finding that: 1) Goshen has no legal right, title or interest in the property; that his title to the property was slandered by Goshen's actions; and that said actions caused him emotional distress.

May 16, 2018

Respectfully submitted,.
Anwar Ibrahim
By his attorney,

/s/ David G. Baker
David G. Baker, Esq.
236 Huntington Avenue Room 317
Boston, MA    02115
617-340-3680
BBO# 634889

## VERIFICATION

Now comes Anwar Ibrahim and states under pains and penalties of perjury that he is the plaintiff in the within complaint; that he has read the complaint; and that all of the facts and circumstances alleged herein are true and correct to the best of his knowledge, information and belief.

Anwar Ibrahim

6